IN THE UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JANE DOE, a minor

                    Plaintiff,

vs.

CASE NO. 0:20-cv-60702-AHS

CIVIL

KIK INTERACTIVE INC., a Canadian
Corporation,
MEDIALAB.AI INC., a Delaware Corporation

                    Defendants.

_____

## **DEFENDANTS KIK INTERACTIVE, INC. AND MEDIALAB.AI INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendants[1] reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Complaint (ECF No. 29, the "Opp'n") as follows:

## I.    INTRODUCTION

Plaintiff's opposition is premised on an erroneous interpretation of both FOSTA and CDA § 230.  Plaintiff asserts that, post FOSTA, CDA § 230 simply does not apply to actions brought under Section 1595.  That is wrong because FOSTA eliminates CDA § 230 immunity only "if the conduct underlying the claim constitutes a violation of [S]ection 1591."  Yet, Plaintiff devotes most of her opposition to arguing that the Complaint adequately alleges constructive knowledge, while completely failing to demonstrate any conduct violating Section 1591  Absent any such allegations of knowing and active participation in a sex trafficking venture—which Plaintiff concedes is required under Section 1591—Defendants are immune from this lawsuit.  In any event, a Section 1595 claim must show actual or constructive knowledge of what happened to Plaintiff specifically—and Plaintiff only points to allegations regarding generalized problems on the platform.  In an implicit concession that they cannot add allegations that would show specific knowledge or active participation by Defendants, Plaintiff pivots and seeks leave to amend to add claims based on Florida product liability law.  But the law is clear that CDA § 230 bars any complaint where liability ultimately stems from the content third parties published on Kik, no matter what cause of action Plaintiff packages them in.  Moreover, the proposed amended claims would inevitably fail under relevant Florida law.  As any amended complaint would ultimately suffer the same fate, the Court should dismiss this matter with prejudice.

---

[1] Unless otherwise defined capitalized terms have the meanings as in the Motion to Dismiss.  "¶" references are to the Complaint.  Unless otherwise noted, all emphasis is added, internal quotation marks and citations are omitted.

## II.     ARGUMENT

### A.     FOSTA Did Not Abrogate CDA § 230 For All Sex Trafficking Claims

Plaintiff is simply wrong to assert that after FOSTA "[t]here is no immunity running to interactive computer service providers from [Section 1595] action[s]."  (Opp'n at 8.)  Far from the wholesale rescission Plaintiff claims, FOSTA provided that CDA § 230 would not bar a civil claim under Section 1595 "*if the conduct underlying the claim constitutes a violation of [S]ection 1591*."  Allow States and Victims to Fight Online Sex Trafficking Act of 2017, Pub. L. No. 115-164, 132 Stat. 1253.  Plaintiff's misplaced accusation that Defendants cite the FOSTA legislative history out of context misunderstands the statute.  The relevant congressional report found that precisely because Section 1591 requires actual knowledge of a specific victim, Congress had to create a new, and separate, law that instead focused on the promotion or facilitation of prostitution.  H.R. Rep. No. 115-572 pt. 1, at 5 ("A new statute that instead targets promotion and facilitation of prostitution is far more useful to prosecutors.").  But while FOSTA created a new violation (codified at 18 U.S.C. § 2421A) prohibiting online platforms from promoting or facilitating prostitution, Congress chose to leave Section 1591 intact[2] *and*— immediately after acknowledging the high standard for liability under that statute—used Section 1591 as the prerequisite for a Plaintiff to pierce CDA § 230 immunity.  Pub. L. No. 115-164, 132 Stat. 1253.  As Section 1591 continues to require actual knowledge, FOSTA's plain language only eliminated CDA § 230 immunity in cases of knowing violations of sex trafficking laws.

---

[2] Although FOSTA did not change the elements of a Section 1591 violation, it did amend Section 1591 to make clear that "[t]he term 'participation in a venture' means *knowingly* assisting, supporting, or facilitating a [primary] violation."  Pub. L. No. 115-164, 132 Stat. 1255.

**B.      CDA § 230 Bars the Claims**

**1.      Plaintiff seeks to hold Defendants liable as the publishers of the relevant content.**

No matter what guise it comes in, CDA § 230 provides "***broad*** federal immunity to ***any cause of action*** that would make service providers liable for information originating with a third-party user." *Almeida v. Amazon.com, Inc*., 456 F.3d 1316, 1321 (11th Cir. 2006).  Plaintiff's argument that she does not seek to hold Defendants liable as "merely [] publisher[s] of content," but also as "participa[nts] in a sex trafficking venture" simply does not engage in the relevant analysis.  (Opp. at 10.)  CDA § 230 does not discriminate by type or cause of action, but applies "in all cases arising from the publication of user-generated content."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (collecting cases).  This case is ultimately predicated on content published by the Identified Kik Users and is therefore subject to CDA § 230; Plaintiff's only response is to assert that Defendants' authorities are pre-FOSTA decisions that did not address claims under Section 1595.  (Opp'n at 11–12.)  Plaintiff cites no authority, and Defendants are aware of none, finding that FOSTA altered the initial, basic qualifications for CDA § 230 immunity or overruled the existing case law.  Since any cause of action based on a supposed failure to adequately police a platform is "merely another way of claiming that [Defendants are] liable for publishing the communications themselves," Defendants are immune unless Plaintiff alleges a Section 1591 violation.  *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 588–92 (S.D.N.Y. 2018).

**2.      Section 1591 requires knowing and active participation.**

Plaintiff does not contest that Section 1591 requires actual knowledge of a specific violation and "some overt act that furthers the sex trafficking aspect of the venture."  *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016).  Instead of showing allegations in the

Complaint that might meet this standard, because there are none, Plaintiff asserts that these elements do not apply to an action brought under Section 1595. (Opp'n at 13-14.) This is a red herring. Regardless of what mental state Section 1595 requires, Plaintiff must plead conduct which violates Section 1591, else Defendants are immune from suit. 47 U.S.C. § 230(e)(5).

Plaintiff's contention that this reads the FOSTA exception too narrowly and against the intent of Congress (Opp'n at 14) fails. Plaintiff's argument is contradicted by FOSTA's clear language, and as the Eleventh Circuit has explained "[a]ny ambiguity in the statutory language must result from the common usage of that language, not from the parties dueling characterizations of what Congress 'really meant.'" *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1225 (11th Cir. 2001). Furthermore, the legislative history of FOSTA clearly shows that Congress only intended to create a narrow and limited exception to CDA § 230 immunity, targeting openly malicious actors such as Backpage where it was plausible for a plaintiff to allege actual knowledge and overt participation. 164 CONG. REC., at S1860–62 (statement of Senator Durbin ("[FOSTA] is a **narrowly crafted bill**"). Plaintiff cites no authority for her subjective interpretation of Congress's intent, and cannot overcome either the plain language of the statute or the legislative history.

As Plaintiff does not, and cannot, allege that Defendants knowingly and actively supported sex trafficking—much less knew of what happened to her specifically—the Complaint fails to allege conduct that violates Section 1591. *Afyare*, 632 F. App'x at 286. Since there is no other possible exception to CDA § 230 here, the Complaint must be dismissed with prejudice.

> **3.  Plaintiff fails to show Defendants knowingly benefited from sex trafficking.**

Plaintiff also concedes through silence that under Section 1591 "there must be a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a

benefit, with actual or, in the civil context, constructive knowledge of that causal relationship." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019).  Plaintiff's first argument here is once again to assert that this standard does not apply to a Section 1595 claim.  (Opp'n at 19.)  As explained above this is a non sequitur as Plaintiff must plead all of the elements of Section 1591 to pierce Defendants' immunity.  Next, referencing paragraphs 46 and 47 of the Complaint, Plaintiff contends that she has adequately alleged that Defendants knowingly benefited.  (Opp'n at 18–20.)  But Plaintiff does not even attempt to explain how an alleged failure to adequately police Kik and warn its users necessarily translated into a larger user base.[3]  The Court should not accept these conclusory allegations.  *Dowbenko v. Google Inc.*, 582 F. App'x 801, 803 (11th Cir. 2014).  Finally, Plaintiff only points to the *absence* of action by Defendants—their supposed failure to adequately police the platform and warn its users.  To allege a Section 1591 violation though, a Defendant must benefit from "***affirmative conduct*** furthering the sex-trafficking venture."  *Geiss*, 383 F. Supp. 3d at 169; *see also Afyare*, 632 F. App'x at 286 (passive receipt of benefits, even knowingly, is not enough under Section 1591).

For this additional reason, Plaintiff has failed to allege a Section 1591 violation by Defendants, and accordingly, the claims are barred by CDA § 230.[4]

### C.    Plaintiff Fails to Allege A Section 1595 Claim

Even if Defendants were not immune from this suit (they are) Plaintiff's claims would

---

[3] If anything, the most logical conclusion would be that Kik was harmed by predators' use of its platform.

[4] Plaintiff also confusingly claims that CDA § 230 only provides for immunity from liability, not from suit.  (Opp. at 9–10 (citing *Gen. Steel Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1181–82 (10th Cir. 2016)).)  This is incorrect, as  Eleventh Circuit courts regularly dismiss claims at the pleading stage based on CDA § 230.  *See*, *e.g*., *Mezey v. Twitter, Inc.*, 2018 WL 5306769, at *1 (S.D. Fla. July 19, 2018); *Porter v. City of Port Orange*, 2016 WL 7243095, at *3 (M.D. Fla. Dec. 15, 2016).  *General Steel* does not hold otherwise, as there, the court examined whether a denial of CDA § 230 immunity would permit an interlocutory appeal.  840 F.3d 1178, 1181–82 (citing *Decker v. IHC Hosps., Inc.*, 982 F.2d 433, 435 (10th Cir. 1992)).

still fail because the Complaint does not allege the elements of a Section 1595 claim. Specifically, Plaintiff does not show either (1) a venture between Defendants and the Identified Kik Users; or (2) constructive knowledge of what happened to Plaintiff.

   **1. Plaintiff concedes that the Complaint does not allege a "venture" between the primary perpetrators and Defendants.**

  While the term "venture" in Section 1595 is undefined, "in the absence of a direct association" between the primary violators and the beneficiary, the plaintiff must "at least" allege facts indicating a "continuous [] relationship" between each member of the venture "such that it would appear [they] have established a pattern of conduct or could be said to have a tacit agreement." *See M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 970–71 (S.D. Ohio 2019). Plaintiff's opposition simply does not address Defendants' argument that the Complaint is devoid of allegations showing any kind of association between Defendants and the Identified Kik Users that might rise to this level. (ECF No. 24, Mtn. at 17–18.) Since Plaintiff "fails to address this argument in [her] opposition to the Motion to Dismiss" she concedes it through silence. *Brady v. Medtronic, Inc.*, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014). This reason alone is sufficient basis to dismiss the Complaint for failure to state a claim.

   **2. Plaintiff conflates generalized with specific knowledge.**

  Plaintiff acknowledges that Section 1595 at a minimum requires "constructive knowledge of the sex trafficking venture." (Opp. at 7.) However, the only allegations Plaintiff cites to meet this requirement relate to Kik's knowledge of ***previous*** incidents that were unrelated to Plaintiff. (Opp. at 8.) This is insufficient. Kik having notice of prior, unrelated incidents does not equate to constructive knowledge of Plaintiff's alleged sex trafficking. *See Doe 3 v. Red Roof Inns, Inc.*, 2020 WL 1872333, at *3 (N.D. Ga. Apr. 13, 2020) ("Allegations that customers complained about prostitution existing on properties itself is insufficient to meet . . . should have known

Case 0:20-cv-60702-AHS   Document 33   Entered on FLSD Docket 07/02/2020   Page 8 of 13

standard under [Section 1595].”); *Misko v. Speedway, LLC*, 2018 WL 2431638, at \*9–10 (E.D. Mich. May 29, 2018) (evidence that defendant had prior knowledge of a generalized condition was “not sufficient to create constructive knowledge”).

Plaintiff relies on *H.H. v. G6 Hospitality, LLC*, but that decision supports Defendants. There, the court found the defendants had constructive knowledge of the specific incident because the plaintiff “***also*** allege[d] facts specific to her own sex trafficking, including a number of signs she alleges should have alerted [defendants’] staff to her situation.”  2019 WL 6682152, at \*3 (S.D. Ohio Dec. 6, 2019); *see also M.A.*, 425 F. Supp. 3d at 968 (same); *A.B. v. Marriot Int’l, Inc.*, 2020 WL 1939678, at \*17–18 (E.D. Penn. Apr. 22, 2020) (same).  Plaintiff provides no authority that would excuse the requirement that she allege “facts specific ***to her own sex trafficking***” and points to nothing in the Complaint that meets this standard.  *H.H.*, 2019 WL 6682152, at \*3; *M.A.*, 425 F. Supp. 3d at 968; *A.B.*, 2020 WL 1939678, at \*17–18.  Absent any such allegations, Plaintiff cannot satisfy even the constructive knowledge standard under Section 1595.

## III.   LEAVE TO AMEND

Plaintiff implicitly concedes that they cannot add allegations of actual knowledge or direct participation that might satisfy Section 1591.  Instead, Plaintiff pivots and asks to add new causes of action under Florida law.  But this only confirms that it would be futile to grant leave to amend.  If “the complaint as amended is still subject to dismissal” the Court may dismiss the case with prejudice.  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319–20 (11th Cir. 1999) (quoting *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir.1985)).  Plaintiffs’ proposed claims under Florida law for failure to warn would suffer the same fate as the current Complaint because (1) Defendants would still be immune under CDA § 230; and (2) Plaintiffs product liability claims would fail as a matter of law.

7

A.    **Defendants Are Immune to Plaintiff's Proposed Claims Based on Failure to Warn**

Plaintiff cannot simply repackage her claims into a different cause of action to avoid CDA § 230 because the law bars "***any cause of action*** that would make service providers liable for information originating with a third-party user." *Almeida*, 456 F.3d at 1321; 47 U.S.C. § 230(e)(3) ("No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."). Courts therefore consistently find that CDA § 230 pre-empts state law tort claims if liability ultimately stems from a third party's misuse of an online platform. *See, e.g., Zeran v. Am. Online, Inc.*, 958 F. Supp. 1124, 1136 (E.D. Va. 1997) ("§ 230 of the CDA applies to Zeran's claim and, as discussed above, preempts his state law negligence cause of action"); *Gavra v. Google Inc.*, 2013 WL 3788241, at *3 (N.D. Cal. July 17, 2013) (state law negligence and extortion claims were barred by CDA § 230); *Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 2005 WL 5250032, at *4–5 (D. Mass. December 21, 2005) (claims under Florida anti-dilution and anti-cyberstalking statutes were barred by CDA § 230).

Plaintiff's sole reliance on *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 850–51 (9th Cir. 2016) is misplaced as that case was an exception which proved the rule. In *Internet Brands*, the Ninth Circuit found that the plaintiff's claims were not barred by CDA § 230 because they were not, at their core, seeking to impose liability for any content posted online. The plaintiff, who had previously posted a modeling profile on the defendant's website, was contacted by two men who subsequently lured her to a false audition where they assaulted her. *Id.* at 847. Crucially, the two assailants had never posted their own profiles to the website, and contacted the Plaintiff through other channels. *Id.* at 851. Since the defendant's possible liability didn't stem from anything the assailants had posted to the website—or indeed, from anything that had happened online—CDA § 230 did not apply. *Id.* at 851–52.

Subsequent decisions analyzing *Internet Brands* have recognized how limited the holding is.  In *Herrick v. Grindr*, the court considered an attempt—almost identical to Plaintiff's—to avoid CDA § 230 immunity by pleading a failure to warn claim.  306 F. Supp. 3d at 592.  The Court rejected this argument and distinguished *Internet Brands*:

> *Internet Brands* is best read as holding that the CDA does not immunize an [interactive computer service] from a failure to warn claim when the alleged duty to warn ***arises from something other than user generated content***. The bad actors in *Internet Brands* did not post any content to the website, and they contacted Doe offline. To the extent any web content was involved, it was Doe's own profile, which she did not allege to be tortious.  *Id.*

The Second Circuit affirmed the trial court's dismissal of the claim under CDA § 230, writing that *Internet Brands* did not apply because in the Ninth Circuit case "there was no allegation that the defendant's website transmitted potentially harmful content; the defendant was therefore not an 'intermediary' shielded from liability under § 230."  *Herrick v. Grindr LLC* ("*Herrick II*"), 765 Fed. Appx. 586, 591 (2nd Cir. 2019).

Here, Plaintiff's theory of liability—regardless of the specific cause of action—is based on content sent through Kik Messenger by the Identified Kik Users; Plaintiff's proffered amended claims would be based on Defendants' supposed duty to warn of this content.  (¶¶26, 33–39.)  However she chooses to frame it, Plaintiff's claim at its core will be "about user-generated content and go[] to [Kik's] publishing functions."  *Herrick*, 306 F. Supp. 3d at 591–92. As such, Plaintiff's claim "is inextricably linked to [Kik's] alleged failure to edit, monitor, or remove the offensive content provided by [a third party]; accordingly, it is barred by § 230." *Herrick II*, 765 F. App'x at 591; *see also Fields v. Twitter, Inc.*, 217 F. Supp. 3d 1116, 1126 (N.D. Cal. 2016) ("Plaintiffs' reliance on *Barnes* and *Internet Brands* fails because, unlike those cases, and regardless of how plaintiffs have organized their complaint, their theory of liability is inherently tied to content").

As any failure to warn claim would ultimately be subject to the same CDA § 230 immunity which bars the current cause of action, it would be futile to grant leave to amend.

### B.  Plaintiffs' Proposed Product Liability Claims Fail As a Matter of Law

Plaintiff's proposed claims are also irredeemably deficient under Florida law because Plaintiff cannot allege facts that would impose a duty to warn on Defendants.  "A duty to warn arises where a product is inherently dangerous or has dangerous propensities.  However, there is no duty to warn of an obvious danger."  *Rodriguez v. New Holland N. Am., Inc.*, 767 So. 2d 543, 544–45 (Fla. Dist. Ct. App. 2000).  Kik Messenger is an internet messaging platform and Plaintiff does not, and cannot, allege that it is inherently dangerous or has dangerous propensities.  The only danger Plaintiff does allege stems from using Kik to talk to strangers over the internet.  (Opp'n at 20.)  But this risk is readily apparent and Florida law does not impose a duty to warn about such an obvious danger.  *See, e.g., Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1486–87 (11th Cir. 1994) (applying Florida law and recognizing that the "obvious nature of the risk involved" may bar  liability where the complaint alleges that the negligence is solely in the lack of a warning); *Scheman-Gonzalez v. Saber Mfg. Co.*, 816 So. 2d 1133, 1139 (Fla. Dist. Ct. App. 2002) (no duty to warn where the danger is obvious or known); *Rodriguez*, 767 So. 2d at 544–45 (same).  As Plaintiff could not plead facts showing that the purported danger wasn't known and obvious, the proposed amendment would fail to state a claim upon which relief would be granted.

## IV.  CONCLUSION

Defendants are immune to this suit under CDA § 230 and Plaintiff has failed to show that any amended complaint would change this analysis.  The Court should accordingly dismiss the Complaint with prejudice.

Dated: July 2, 2020                          Respectfully submitted,

                                             By: */s/ David Houska*
                                             DAVID HOUSKA
                                             Admitted *pro hoc vice*
                                             California Bar No. 259918

                                             Michael Rhodes, Esq. David Houska, Esq.
                                             Admitted *pro hoc vice*
                                             California Bar No. 116127
                                             Cooley LLP
                                             101 California Street, 5th Floor
                                             San Francisco, CA 94111-5800
                                             Tel. (415) 693-2181
                                             rhodesmg@cooley.com
                                             dhouska@cooley.com

                                             *Attorneys for Defendants*

                                             Nicole Atkinson
                                             Primary: natkinson@gunster.com
                                             Secondary: mmargolese@gunster.com
                                             Secondary: eservice@gunster.com
                                             **GUNSTER, YOAKLEY & STEWART, P. A.**
                                             777 South Flagler Drive, Suite 500 East
                                             West Palm Beach, FL 33401
                                             Telephone: 561-655-1980
                                             Facsimile: 561-655-5677

                                             *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, a true and correct copy of the foregoing was served

by email on counsel of record identified in the Service List below.


                                             By: */s/ Nicole K. Atkinson*
                                                    NICOLE K. ATKINSON

## SERVICE LIST

Bruce Prober, Esq.
The Law Offices of Bruce Prober, P.A.
330 N. Andrews Ave., Suite 450
Fort Lauderdale, FL 33301
Tel. (954) 816-1260
Fax (954) 333-1505
bprober@proberlaw.com
*Attorney for Plaintiff*

Michael Rhodes, Esq.
David Houska, Esq.
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel. (415) 693-2181
rhodesmg@cooley.com
dhouska@cooley.com
*Attorneys for Defendants*